

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TROY JENNINGS<br>    FED. REG. NO. 67949-053<br>VS.<br><br>FEDERAL BUREAU OF PRISONS, ET AL. | CIVIL ACTION NO. 08-1190<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Troy Jennings, an inmate in the custody of the Federal Bureau of Prisons (BOP), filed the instant civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) on August 13, 2008. When he filed his complaint, Jennings was incarcerated at the United States Penitentiary, Pollock, Louisiana. However, on or about December 3, 2008 he was transferred to the United States Penitentiary, Allenwood, Pennsylvania. Plaintiff claims that the defendants – the BOP, the United States Department of Probation in Brooklyn, New York, the United States Department of Justice, the United States Attorney in the Eastern District of New York, the Clerk of the United States District Court for the Eastern District of New York, and corrections officials at the United States Penitentiaries in Lewisberg, Pennsylvania, Beaumont, Texas, and Pollock, Louisiana – erroneously calculated his custody classification. He prays for monetary damages from each defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

## Statement of the Case

Troy Jennings is an inmate in the custody of the BOP. On March 20, 2003, he and a co-defendant were convicted of various robbery, conspiracy and weapons charges arising out of their participation in a series of armed robberies at post-offices and a laundromat in New York. He was sentenced to serve concurrent terms of 110 months imprisonment. [See United States v. Troy Jennings, No. 1:02-cr-00743, United States District Court for the Eastern District of New York, Brooklyn Division.]

On August 13, 2008, while he was incarcerated at the United States Penitentiary – Pollock, he filed the instant complaint alleging that various BOP personnel and others erred in calculating his security custody classification.[1] In support of his general claim that he has been erroneously classified, petitioner sites alleged violations of BOP Program Statements (5800.11; 5100.08; 5350.28); the 1994 Violent Crime Control and

---

[1] On the same date he filed a petition for writ of habeas corpus making similar allegations. See Troy Jennings v. Federal Bureau of Prisons, et al., No. 1:08-cv-1189.

2

Law Enforcement Act; and aspects of the BOP Justice Policy.

## Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983 or Bivens, *supra*, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A

district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has set forth specific facts which he claims entitles him to relief.

## 2. Jurisdiction and Venue

Venue in federal inmate's *pro se* <u>Bivens</u> action seeking monetary damages from prison officials is governed by §1391(b). <u>Pollack v. Meese</u>, 737 F.Supp. 663, 665 (D.D.C.1990). Title 28 U.S.C. §1391(b) permits venue only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff has named a number of defendants who do not reside within this district; furthermore, with regard to these defendants, the events or omissions giving rise to plaintiff's claims apparently occurred elsewhere - either in Brooklyn, New York, Lewisberg, Pennsylvania, or Beaumont, Texas.

Thus, this court may exercise jurisdiction only over those defendants identified as having been employed at the United States Penitentiary, Pollock.

Therefore, plaintiff's claims against all defendants who do not reside in this district must be dismissed without prejudice to plaintiff's right to re-file his complaints in the appropriate forum.

## 3. Liberty Interest

Plaintiff has asserted his claims in a civil rights complaint filed pursuant to <u>Bivens</u>, *supra*; he is entitled to relief only if he establishes that he has been denied some right secured to him by the Constitution or laws of the United States

by someone acting under color of federal law. Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995). Nothing in the complaint and exhibits establish that he has been denied some right secured by the Constitution and laws of the United States.

Plaintiff presents a seemingly complex pleading and includes volumes of exhibits; however, read liberally, he complains that the BOP erred in the determination of his prisoner security classification.

The Fifth Circuit has long held that an inmate has no protectable liberty interest in his prison classification. Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) citing Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999); Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir.1998); Woods v. Edwards, 51 F.3d 577, 581-82 (5th Cir.1995) (citing Wilkerson v. Maggio, 703 F.2d 909, 911 (5th Cir.1983)) "Classification of prisoners is a matter left to the discretion of prison officials." McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir.1990) (citing Wilkerson v. Maggio, supra). "[I]t is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'" Id. "Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." Id. at 1251 (citing Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447

(1979)). Thus, absent an abuse of discretion, which has not been demonstrated by petitioner, a federal court may not interfere with administrative determinations regarding custodial classifications of inmates. Whitley, 158 F.3d at 889.[2]

To the extent that plaintiff complains that he is being denied rehabilitation programs, his claim fares no better since prisoner classification as it relates to eligibility for rehabilitation programs is also not subject to due process protection. See Moody v. Doggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir.1995).

In short, plaintiff has not shown any violation of the Constitution and laws of the United States and therefore his complaint should be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint against those defendants who are alleged to reside in Brooklyn, New York, Lewisberg, Pennsylvania, or Beaumont, Texas be **DISMISSED** pursuant to the provisions of 28 U.S.C. §1406(a);

**IT IS FURTHER RECOMMENDED THAT** plaintiff's civil rights

---

[2] With regard to the issue of prisoner classification, petitioner included copies of the Administrative Remedies Grievances he filed with the BOP in his concurrently filed civil rights complaint. The various responses at the local, regional, and national level reveal no abuse of discretion. See 1:08-cv-1190 at rec. doc. 1-4, p. 3, pp. 11-12; p. 15; rec. doc. 1-5, p. 12; rec. doc. 1-8, pp. 72-74.

complaint with regard to the remaining defendants be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B) for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

8